IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>                    Plaintiff,<br>v.<br><br>STEWART TITLE GUARANTY COMPANY,<br><br>                    Defendant. | **MEMORADUM DECISION<br>AND ORDER**<br><br>Case No. 2:19-cv-00285-DB-PMW<br><br>District Judge Dee Benson<br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Short Form Rule 37-1 Motion to Compel Discovery Re: Insurance Reserves.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **BACKGROUND**

Plaintiff initiated this lawsuit against Defendant Stewart Title Guaranty Company ("Defendant") on April 26, 2019, "to recover damages resulting from Defendant's [alleged]

---

[1] *See* ECF no. 6.
[2] *See* ECF no. 15.

failure to pay Plaintiff the amount of its loss when certain collateral, insured in [Defendant's] title policy, was not vested as stated in the policy."[3] Plaintiff brings causes of action against Defendant for breach of contract and breach of the implied covenant of good faith and fair dealing, and seeks a declaratory judgment.

In the present motion, Plaintiff moves the court to compel Defendant to respond to Plaintiff's discovery requests. Specifically, Plaintiff requests Defendant answer Plaintiff's Interrogatory Nos. 4 and 5, and Request for Production of Documents No. 9, which seek "information concerning the reserves that have been set aside to cover [Plaintiff's] claims."[4] Defendant objects to the discovery requests on relevancy grounds and asserts that Plaintiff is not entitled to such information.

## **DISCUSSION**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

---

[3] *Id*. at 2.
[4] *Id*. at 1-2.

> access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Here, the court finds the requested reserve information is relevant. While Defendant's arguments may be correct regarding admissibility of the information, that does not mean the information is not discoverable. *See Christensen v. Am. Family Mut. Ins. Co.,* No. 1:09-CV-94 TS, 2011 WL 3841293, at *6 (D. Utah Aug. 29, 2011) ("While the Tenth Circuit has rejected the use of loss reserves as sufficient *per se* evidence to establish the existence of bad faith, it has not held that loss reserves are not relevant to the issue."). Indeed, in cases involving claims of bad faith, "courts agree that reserve amounts are relevant and consistently ordered to be produced." *Id.*; *see Oneok, Inc. v. Nat'l Union Fire Ins. Co.*, No. 06-CV-200GKFSAJ, 2007 WL 2891519, at *2 (N.D. Okla. Sept. 28, 2007) (motion to compel reserve information granted; information determined to be relevant to bad faith claim); *Bernstein v. Travelers Ins. Co.*, 447 F. Supp. 2d 1100 (N.D. Cal. 2006) (holding that reserves were discoverable to shed light on what insurer actually thought regarding merits of claims); *Groben v. Travelers Indem. Co.*, 266 N.Y.S. 2d 616, 619 (N.Y. Sup. Ct. 1965) (stating "examination with respect to the reserve may develop evidence on the issue of defendant's bad faith").

## ORDER

Accordingly, based on the foregoing, Plaintiff's Short Form Rule 37-1 Motion to Compel Discovery Re: Insurance Reserves[5] is **GRANTED**. Defendant shall respond to Plaintiff's discovery requests within fourteen (14) days from the date of this order.

**IT IS SO ORDERED**.

DATED this 28th day of April, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* ECF no. 15.