IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>                **Plaintiff,**<br>v.<br><br>STEWART TITLE GUARANTY COMPANY,<br><br>                **Defendant.** | **MEMORADUM DECISION AND ORDER**<br><br>**Case No. 2:19-cv-00285-DB-JCB**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Approval of Submission of Rebuttal Expert Report.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court grants the motion for the reasons set forth below.

## BACKGROUND

This case involves a dispute over the coverage of a title insurance policy issued by Defendant Stewart Title Guaranty Company ("Stewart Title") insuring ownership of certain

---

[1] ECF No. 6.
[2] ECF No. 34.
[3] ECF No. 33.

property that was pledged to secure a loan made by Wells Fargo. A central issue in the case is the fair market value of the insured property. Pursuant to the parties' scheduling order, Wells Fargo submitted an expert report appraising the property in late February, and Stewart Title submitted its counter report a few months later. In the counter report, Stewart Title's expert submitted his own appraisal of the property alongside and in addition to his critique of Wells Fargo's expert appraisal.

In the instant motion, Wells Fargo seeks leave under Fed. R. Civ. P. 26(a)(2)(D)(ii) to file a rebuttal report evaluating the expert appraisal submitted in Stewart Title's counter report. Stewart Title opposes the motion arguing that the scheduling order, not Rule 26, governs the admission and exclusion of rebuttal reports in this case because the parties stipulated to the discovery plan therein. Because the scheduling order does not mention Wells Fargo's use of expert rebuttal reports, Stewart Title contends the scheduling order should be interpreted to prohibit any expert rebuttal reports submitted by Wells Fargo. For the reasons explained below, the court finds Stewart Title's argument unpersuasive and agrees with Wells Fargo in whole.

## ANALYSIS

A scheduling order's silence with respect to the filing of "rebuttal reports" does not by itself constitute an exclusion of rebuttals; to the contrary, "absent a stipulation or a court order" stating otherwise, Rule 26 governs the submission of expert rebuttal reports. Fed. R. Civ. P. 26(a)(2)(D); *see also S.E.C. v. Badian,* No. 06 CIV. 2621 LTS/DFE, 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009) (explaining that the "scheduling order was silent on rebuttal reports, but certainly did not exclude them"); *Mayou v. Ferguson,* 544 F.Supp.2d 899, 901 (D.S.D. 2008) (rejecting the argument that where a "scheduling order [is] silent, such serves to prohibit any

designation of a rebuttal expert being made by the plaintiff"). Rule 26 defines a proper expert rebuttal report as one that is "intended <u>solely</u> to contradict or rebut evidence on the same subject matter identified" by the opposing party. Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Expert rebuttal reports must be submitted "within 30 days after the other party's disclosure." *Id*. Because rebuttal reports are "solely" limited to contradicting evidence, they are not the proper place for presenting new arguments. *Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2016 WL 81224, at *3 (D. Idaho Jan. 7, 2016). Making this determination is left to the this court's broad discretion. *Johnson v. Hathcock Truck Lines*, 162 F.3d 1173, at *3 (10th Cir. 1998) (citation omitted).

     Stewart Title's counter report goes beyond criticizing the analysis in the Wells Fargo report by offering a separate, competing expert appraisal of the property. Because Stewart Title submitted its own expert appraisal,[4] Wells Fargo is likewise entitled to rebut that appraisal pursuant to Rule 26(a)(2)(D)(ii). As noted above, a scheduling order's silence on rebuttal deadlines does not preclude their use. In this case, it would be inequitable to allow consideration of two appraisals without subjecting them to an equal amount of scrutiny. Stewart Title has not indicated any prejudice that will result from allowing the report; conversely, the prejudice to Wells Fargo, if denied the opportunity to review the appraisal, outweighs any prejudice to Stewart Title. Additionally, the court's task of exercising its discretion as to such rebuttal testimony would be greatly facilitated by having rebuttal expert reports to review.

---

[4] The court determines the recent appraisal of $1,100,00 by Stewart Title serves as a new appraisal to which Wells Fargo is entitled to review. The prior appraisal for $364,000 is not relevant to determining this motion because it is not offered as a current appraisal of the property, which is what Stewart Title's new appraisal seeks to accomplish.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Wells Fargo's Motion for Approval of Submission of Rebuttal Expert Report[5] is GRANTED. Wells Fargo shall submit its expert rebuttal report within 30 days from the date of this order.

IT IS SO ORDERED.

DATED this 9th day of July, 2020.

BY THE COURT:

Jared C. Bennett
United States Magistrate Judge

---

[5] ECF No. 33.