IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> STEWART TITLE GUARANTY COMPANY, <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION** <br><br> Case No. 2:19-cv-00285-TC-JCB <br><br> District Judge Tena Campbell |

Before the court is Plaintiff Wells Fargo Bank's motion for reconsideration (ECF No. 129). Wells Fargo asks the court to reconsider its August 12, 2021 order (ECF No. 124) denying Wells Fargo's motion to amend/correct findings of fact and conclusions of law ("FFCL") (ECF No. 122). In its first motion, Wells Fargo sought to have the court amend its FFCL to include prejudgment interest. But because "two competing expert appraisers provided testimony regarding their valuation of the property in dispute . . . and the methods they employed to arrive at their valuation," and because "the court's determination was based on its assessment of the accuracy and credibility of the experts' testimony," the court declined to award prejudgment interest to Wells Fargo, denying its motion. (Order at 3, ECF No. 124.) Now Wells Fargo moves the court to reconsider the prejudgment interest issue, asserting that the court "did not correctly apply the controlling law." (Pl.'s Mot. for Reconsideration at 3, ECF No. 129.) Wells Fargo also asks the court to examine its untimely reply memorandum (ECF No. 125). However, after the parties fully briefed Wells Fargo's motion for reconsideration, Defendant Stewart Title Guaranty

Company filed a notice of appeal (ECF No. 131).[1]  Subsequently, on September 21, 2021, Wells Fargo filed a notice of cross-appeal (ECF No. 134), seeking review of the court's order denying Wells Fargo's motion to amend/correct the FFCL (ECF No. 124).

The court lost jurisdiction over Wells Fargo's motion after Wells Fargo filed its notice of cross-appeal (ECF No. 134).  Generally, "when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for 'collateral matters not involved in the appeal.'" McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010) (quoting Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998)).  Because Wells Fargo is seeking appellate review of the very order it previously asked the court to reconsider, the prejudgment interest issue cannot be a "collateral matter not involved in the appeal."  It is axiomatic that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).  Therefore, it would be improper for the court to reconsider this issue while the Tenth Circuit also reviews it.

Accordingly,

**IT IS ORDERED** that Wells Fargo's motion for reconsideration (ECF No. 129) is DISMISSED for lack of jurisdiction.

DATED this 21st day of September, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Judge

---

[1] Stewart Title is appealing from the final judgment entered against it in the amount of $3,210,200 on Wells Fargo's breach of contract claim.  (ECF No. 121.)